McFarland, J.,
delivered the opinion of the Court.
The complainant claims to be a creditor of the firm of Bernard & McClure, and under this bill had the stock of the firm in merchandise, attached. Shortly previous to the filing of this bill the firm had been dissolved and the goods and stock assigned to McClure *362 for the payment of the debts and for. liquidation. Upon the levy of the attachment, McClure gave a re-plevin bond for the goods — with surety. Upon the hearing the Chancellor rendered a decree in favor of the complainant against the firm of Bernard & McClure for the amount of the debt claimed, and also that the same be satisfied out of the goods attached, and to enforce this, rendered a decree for the amount against McClure and his sureties in the re-plevin bond,' from which they have appealed.
The question is, has the complainant established his claim. He exhibits with ■ his bill, two accounts for bills of goods which he says he sold the firm, and for which he claims a decree. The one is dated the 28th of July, the other the 11th of October, 1866. The answers are required under oath, and accordingly McClure filed his answer duly sworn to, in which he denies positively that the firm is in any way liable for these bills of goods, and shows that the partnership was not formed until the 17th of October, 1866, after both these bills were purchased — by Bernard individually — and denies that he is in any way liable for these bills.
The only testimony taken is the depositions of Bernard & McClure, and some accounts and documentary evidence. Bernard had been in business in Memphis previous to the formation of the partnership. McClure resided at Nashville, and the partnership agreement was made at Nashville; the contract was not reduced to writing, but was simply a veri al agreement by which McClure became a partner in the *363 business at Memphis; he acted upon the verbal representations made to him by Bernard at the time. The business was to be conducted by Bernard. McClure was not in Memphis until the dissolution of the firm in November, 1867 ■ he was to furnish a clerk who was to represent him. Thus far the testimony of Bernard and McClure is agreed, nor do they materially differ as to the date of this contract. McClure proves that it was made on the 17th of October, 1866. Bernard also says that he was in Cincinnati and purchased of the complainant the bill dated the 11th of October, and it was' on his return through Nashville that the partnership was formed; that he had no interview with McClure previous to that time, but had talked to his brother about it. So they both agree that the complainant’s debt was created by Bernard alone, before the formation of the partnership. But for the complainant it 'is argued that upon the formation of the partnership, it was agreed between the partners that the firm should assume all the old debts of Bernard created in his previous business; that the entire stock with all its debts and liabilities was to be transferred to the firm, McClure paying so much for a half interest in the business, agreeing that the firm should assume all the old debts. The proof of this is the testimony of Bernard, who swears that such was the contract and agreement. Upon the other hand, McClure in his deposition as positively denies any such agreement, and the case rests upon their testimony.
As the partnership was not formed until after this *364 debt was created by Bernard, prima faoie McClure is not liable for it. Certainly Bernard had no authority to bind McClure for the debt until after the partnership was formed. To make McClure therefore liable for this debt, it must appear that he agreed, in consideration of the partnership to assume this debt, or to assume all the debts, by which this would be included. "We do not now inquire whether the creditor is a necessary party to this agreement, but for the • argument concede that he is not. The agreement to assume the debts must be affirmatively established. The burthen is upon the complainant to overcome the denial of the answer under oath. These principles we think are clear.
The proof, as we have seen, is one positive witness against another. In this view the complainant’s case certainly fails unless there the facts and •,circumstances in the record strongly corroborate the evidence of Bernard. We see nothing in the record favoring one view 1 more than the other.
McClure’s account of it is, that Bernard represented to him that the stock of goods was worth about $5,000, and for a half interest in these goods he agreed to and did pay to Bernard $2,500, and no mention was made of any debts due from • Bernard, or any agreement to assume any such debts.
Bernard’s account of it is, that he represented to McClure that his stock was worth $2,500 more than his liabilities, and that as against this $2,500 McClure paid in $2,500, and the entire stock and debts were transferred to the firm. No inventory, or schedule or other account was taken by the *365 parties, but Bernard himself afterward had an inventory taken and made entries in a book. According to the inventory his stock only exceeded his liabilities some $1,600, but he made up the $2,500 by selling some real estate he owned. His debts at the time being between $6,000 and $7,000.
To say the least of it, we think that Bernard’s account is not more reasonable than McClure’s. It' is argued that the goods in fact were worth between $7,000 and $8,000, and Bernard could not have agreed to sell a half interest in these goods for $2,500. But McClure says Bernard represented his stock as worth $5,000, and it was upon this basis the contract was made, and if the $2,500 was paid to Bernard as McClure says, instead of being paid into the firm, this would not appear improbable. At all events, it is hardly more improbable than that McClure should have assumed over $6,000 of debts in the manner stated, without any schedule or definite data.
It appears that Bernard after the formation of the partnership, paid the complainant an amount greater than the bills of the 28th of July and the 11th of October, but the amounts thus paid were applied to still older debts due the complainant from Bernard.
McClure in his answer insists that in all events, the amount thus paid was paid out of the assets of the firm and should be applied to the debts set up in the bill, but we do not say how this would be in the event we were of opinion that McClure was liable for the debts specified in the bill, but the *366 answer does not admit the defendants* liability for these debts in any form.
The fact that the goods sold to Bernard by complainant on the 11th of October, went into the firm, makes no difference. These goods went into the firm as the property of Bernard. This is not like a case where one partner, during the existence of a partnership, purchases property, and the firm afterward •adopts his contract, and receives the property into the business, by which they assume to pay the debt. Nor has the complainant or Bernard any lien upon the goods. See Croone v. Bivens, 2 Head, 340.
We arc of opinion that the complainant’s case against McClure is not made out.
The decree will be reversed, and the bill so far as it seeks any relief against. McClure, will be dismissed. As the defendant Bernard made no defence, the complainant may have an account to see if anything will remain in the hands of McClure out of the proceeds of the stock belonging to Bernard, and at the complainant’s election the cause will be remanded for this purpose. Complainant will pay the .costs.